**UNITED STATES DISTRICT COURT**
**Northern District of California**
450 Golden Gate Avenue
San Francisco, California 94102

F I L E D

08 MAR 19 PM 4: 04

www.cand.uscourts.gov

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

General Court Number
415.522.2000

Richard W. Wieking
Clerk

March 13, 2008

'08 CV 0513 BEN POR

USDC for the Southern District of California
Clerk's Office
4290 Edward J. Schwartz Federal Building
880 Front Street
San Diego, CA 92101-8900

RE: CV 07-03014 SI   OKECHUKWU MBAMA-v-TARGET CORPORATION

Dear Clerk,

Pursuant to an order transferring the above captioned case to your court, transmitted herewith are:

      ☒      Certified copy of docket entries.

      ☒      Certified copy of Transferral Order.

      ☒      Original case file documents.

      ☒      Please access the electronic case file for additional pleadings you may need.  See the attached instructions for details.

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,
RICHARD W. WIEKING, Clerk

/s/

by: Yumiko Saito
Case Systems Administrator

Enclosures
Copies to counsel of record

March 13, 2008

---

**These instructions are for internal court use only.**

---

Instructions for Retrieving Northern District of California Electronic Case Files

This login and password is a court-user read-only login to the CM/ECF website for the Northern District of California at **https://ecf.cand.circ9.dcn**.  It should be used only by court personnel who have a need to access relevant case information.

Login: **xfr**
Password: **xfr**

For assistance accessing the website, please call our help desk at 866-638-7829 or e-mail at ecfhelpdesk@cand.uscourts.gov.

1   JOSE R. MATA (Cal. State Bar No. 83724)
    BAILEY PINNEY, PC
2   1498 SE Tech Center Place, Suite 290
    Vancouver, Washington 98683
3   Telephone: (360) 567-2551
    Facsimile: (360) 567-3331
4   JMata@wagelawyer.com

5   (Additional counsel for plaintiff on next page)

6   Attorneys for Plaintiff Okechukwu Mbama

7   JEFFREY D. WOHL (Cal. State Bar No. 96838)
    RISHI N. SHARMA (Cal. State Bar No. 239034)
8   GREGGORY W. DALTON (Cal. State Bar No. 252000)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
9   55 Second Street, 24th Floor
    San Francisco, California 94105-3441
10  Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
11  jeffwohl@paulhastings.com
    rishisharma@paulhastings.com
12  greggorydalton@paulhastings.com

13  Attorneys for Defendant Target Corporation

14

15                  UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17

18  OKECHUKWU MBAMA, individually          No. C-07-3014-SI
    and on behalf of all others similarly
19  situated,                             **JOINT STIPULATION AND [PROPOSED]
                                          ORDER TO TRANSFER**
20              Plaintiff,

21      vs.

22  TARGET CORPORATION, a Minnesota
    Corporation, and Does 1-25, inclusive,
23
                Defendants.
24

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the United States
District Court for the Northern District of California.

Date Filed: 2/6/08

RICHARD W. WIEKING, Clerk

By: _____ , Deputy Clerk

25

26

27

28

1    Additional Counsel for Plaintiff Okechukwu Mbama:

2    SUSAN SEEMILLER (Cal. State Bar No. 150546)
     BAILEY PINNEY, PC
3    840 County Square Drive
     Ventura, California  93003
4    Telephone: (805) 339-9090
     Facsimile:  (805) 339-0090
5    sseemiller@wagelawyer.com

6    BONNIE MAC FARLANE (Cal. State Bar No. 161526)
     BAILEY PINNEY, PC
7    720 Howe Avenue, Suite 113
     Sacramento, California  95825
8    Telephone: (800) 230-5528
     Facsimile:  (800) 230-5866
9    bmacfarlane@wagelawyer.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION AND ORDER TO TRANSFER
U.S.D.C., N.D. Cal., No. C-07-3014-SI

**STIPULATION TO TRANSFER**

Plaintiff Okechukwu Mbama and defendant Target Corporation ("Target"), appearing through their respective counsel of record, stipulate as follows:

1.     Plaintiff Mbama commenced this action on June 8, 2007, and alleged, *inter alia*, that Target failed to provide meal periods and rest breaks; failed to provide accurate, itemized wage statements; failed to pay wages timely; and engaged in unlawful business practices.  Based on his allegations, plaintiff Mbama seeks to represent himself and a class consisting of consisting Target's current and former California employees for the relevant liability period(s); and to recover for himself and his proposed class wages due, statutory damages, punitive damages, and other penalties.

2.     On April 19, 2007, however, prior to the filing of plaintiff Mbama's complaint, another plaintiff—Renee Cesar Vilches Mora—commenced his own action in the United States District Court for the Southern District of California entitled *Renee Cesar Vilches Mora v. Target Corp.*, U.S.D.C., S.D. Cal., No. 07-CV-0719 BEN ("*Mora*"), which is pending before United States District Judge Roger T. Benitez.  Plaintiff Mora's complaint alleges causes of action identical to plaintiff Mbama's complaint and seeks certification of a class consisting of all current and former Target employees in California for the relevant liability period.

3.     On June 14, 2007, Target moved to dismiss the *Mora* complaint under Federal Rule of Civil Procedure 12(b)(6) based on the then-recently decided opinion of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ---, 127 S. Ct. 1955 (2007).

4.     In the initial case management statement for this action, filed on September 18, 2007, the parties informed the Court of the related suit in *Mora* and reported that Target's motion to dismiss the complaint in *Mora* was still pending before Judge Benitez in the Southern District.

5.     At the September 28, 2007, initial case management conference in this action, the Court orally stated its intention to transfer this case to the Southern District of California for consolidation with *Mora*, the earlier-filed action, should *Mora* survive Target's motion to dismiss.  Following the conference, the Court stayed proceedings and set a further case management conference for November 16, 2007, to allow Judge Benitez time to rule on Target's motion to dismiss in *Mora*.

///

1    6.    On November 9, 2007, the parties reported in their further case management statement in

2    this action that Judge Benitez had denied Target's motion to dismiss the complaint in *Mora*, but had

3    simultaneously issued an order to show cause why *Mora* should not be dismissed for lack of subject

4    matter jurisdiction. Based on its confidence that Judge Benitez would find jurisdiction in *Mora* proper

5    under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), Target asked that the

6    Court continue the case management conference and the stay of this action until January 2008 in the

7    anticipation that Judge Benitez would have discharged the order to show cause by that time.

8    7.    At the November 16, 2007, further case management conference, the Court reiterated its

9    intention to transfer this action to the Southern District if *Mora* were allowed to proceed; continued the

10    stay of this action; and set a further case management conference for January 18, 2008.

11    8.    On January 15, 2008, the parties by stipulation requested the Court vacate the January 18

12    conference because Judge Benitez had yet to discharge his order to show cause, and further requested

13    that the Court continue the stay and the case management conference to February 29, 2008. On January

14    17, 2008, the Court adopted the parties' stipulation.

15    9.    On February 22, 2008, the parties again requested by stipulation that the Court vacate the

16    February 29 case management conference to allow Judge Benitez to rule on his order to show cause, and

17    further requested that the Court continue the stay and case management conference to April 25, 2008.

18    On February 26, 2008, the Court adopted the parties' stipulation.

19    10.    On February 29, 2008, Judge Benitez discharged his order to show cause and found that

20    plaintiff Mora's complaint met the jurisdictional prerequisites of CAFA. A true copy of Judge Benitez's

21    February 29 order is attached to this stipulation, and the parties ask that this Court take judicial notice of

22    the order.

23    11.    The parties now request that the Court effect transfer of this action to the United States

24    District Court for the Southern District of California for consolidation with *Mora* for two reasons:

25    a.    First, this Court broad authority to order transfer in the interest of justice or for the

26    convenience of the parties and witnesses. 28 U.S.C. § 1404(a); *Jones v. GNC Franchising, Inc.*, 211

27    F.3d 495, 498 (9th Cir. 2000). Transfer is appropriate here because it will serve the interest of justice.

28    Courts have consistently held that where two suits concern similar allegations or claims, transfer is

JOINT STIPULATION AND ORDER TO TRANSFER
U.S.D.C., N.D. Cal., No. C-07-3014-SI

1   appropriate to save judicial time and resources, reduce duplicative discovery, and ease the burdens of

2   litigation. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *In re A.J. Indus., Inc.*, 503 F.2d 384, 389

3   (9th Cir. 1974). In fact, the Judicial Panel on Multidistrict Litigation has often cited the pendency of

4   similar putative class actions for transfer under the similar statutory language of 28 U.S.C. section 1407.

5   *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 342 F. Supp. 2d 1355, 1356 (J.P.M.L. 2004); *In re First*

6   *Nat'l Bank, Heavener, Okla. (First Mortgage Revenue Bonds) Sec. Litig.*, 451 F. Supp. 995, 997

7   (J.P.M.L. 1978); *In re Equity Funding Corp. of Am. Sec. Litig.*, 375 F. Supp. 1378, 1385-86 (J.P.M.L.

8   1973). The same logic applies here: transfer to the Southern District of California for consolidation with

9   *Mora* will serve the interest of justice by reducing the unnecessary waste of judicial and litigant time and

10  resources by proceeding on parallel tracks in two different courts.

11          b.      Second, the Court has inherent power to effect transfer under the first-to-file rule.

12  *See Smith v. M'Iver*, 22 U.S. 532, 535 (1824) (recognizing that "the Court which first has possession of

13  the subject must decide it."). This doctrine of the federal common law permits a court to dismiss, stay,

14  or transfer a later-filed action that substantially overlaps with earlier-filed litigation. *Alltrade, Inc. v.*

15  *Uniweld Prods., Inc.*, 946 F.2d 622, 623, 625 (9th Cir. 1991). The rule's purpose is to avoid duplicative

16  litigation. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Just as

17  transfer would avoid duplicative litigation under section 1404(a), so too does it warrant transfer under

18  the first-to-file rule.

19          12.     The parties also request that the stay in this action continue in force until the transfer to

20  the Southern District of California is effected, at which time the prosecution of this action will fall

21  within the jurisdiction of the Southern District of California.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

Dated:  March 6, 2008.                JOSE R. MATA
                                      SUSAN SEEMILLER
2                                     BONNIE MAC FARLANE
                                      BAILEY PINNEY, PC
3

4                                     By: /s/ Jose R. Mata
                                      _____
5                                             Jose R. Mata
                                      Attorneys for Plaintiff Okechukwu Mbama
6

7

Dated:  March 6, 2008.                JEFFREY D. WOHL
                                      RISHI N. SHARMA
8                                     GREGGORY W. DALTON
                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP
9

10                                    By: /s/ Rishi N. Sharma
                                      _____
11                                            Rishi N. Sharma
                                      Attorneys for Defendant Target Corporation

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

JOINT STIPULATION AND ORDER TO TRANSFER
U.S.D.C., N.D. Cal., No. C-07-3014-SI

1

### <u>TRANSFER ORDER</u>

2      On the stipulation of the parties, and good cause appearing therefore,

3      IT IS HEREBY ORDERED, pursuant to 28 U.S.C. section 1404(a) and the common law first-to-

4 file rule, that the above-titled action be transferred from this Court to the United States District Court for

5 the Southern District of California in light of the substantial overlap between plaintiff Okechukwu

6 Mbama's claims in this action and the claims in the earlier-filed action pending before United States

7 District Judge Roger T. Benitez in the Southern District of California titled *Renee Cesar Vilches Mora v.*

8 *Target Corporation*, U.S.D.C., S.D. Cal. No. 07-CV-0719-BEN (filed April 19, 2007).

9      IT IS HEREBY ALSO ORDERED that the stay of this action remain in force until transfer to the

10 Southern District of California is effected.

11      Dated: March ___, 2008.

                                              *Susan Illston*

12                                     Susan Illston
                            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  March 6, 2008.

JOSE R. MATA
SUSAN SEEMILLER
BONNIE MAC FARLANE
BAILEY PINNEY, PC

By:_____
                  Jose R. Mata
        Attorneys for Plaintiff Okechukwu Mbama

Dated:  March 6, 2008.

JEFFREY D. WOHL
RISHI N. SHARMA
GREGGORY W. DALTON
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:_____
                  Rishi N. Sharma
        Attorneys for Defendant Target Corporation

JOINT STIPULATION AND ORDER TO TRANSFER
U.S.D.C., N.D. Cal., No. C-07-3014-SI

LEGAL_US_W # 58322395.1

ADRMOP, CLOSED, E-Filing, PRVADR, TRANSF

**U.S. District Court**
**California Northern District (San Francisco)**
**CIVIL DOCKET FOR CASE #: 3:07-cv-03014-SI**
**Internal Use Only**

Mbama v. Target Corporation
Assigned to: Hon. Susan Illston
Cause: 28:1331 Fed. Question

Date Filed: 06/08/2007
Date Terminated: 03/12/2008
Jury Demand: Plaintiff
Nature of Suit: 790 Labor: Other
Jurisdiction: Federal Question

**Plaintiff**

**Okechukwu Mbama**

represented by **Bonnie Rae Mac Farlane**
Bailey Pinney PC
720 Howe Street
Suite 113
Sacramento, CA 95825
916-923-5537
Fax: 916-923-5587
Email: bmacfarlane@wagelawyer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shelby Lawrence Clark**
Bailey Pinney PC
1498 SE Tech Center Place
Suite 290
Vancouver, WA 98683
360-567-2551
Fax: 360-567-3331
Email: SClark@wagelawyer.com
*TERMINATED: 10/17/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A.E. Bud Bailey**
Bailey Pinney PC
1498 SE Tech Center Place
Suite 290
Vancouver, WA 98683
800-882-8351
Fax: 360-567-3331
*TERMINATED: 12/12/2007*
*ATTORNEY TO BE NOTICED*

I hereby certify that the annexed
instrument is a true and correct copy
of the original issued in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Deputy Clerk
Date 3/13/08

**Jose Ruben Mata**
Bailey Pinney PC
1498 NE Tech Center Place
Suite 290
Vancouver, WA 98683
360-567-2551
Fax: 360-567-3331
Email: jmata@wagelawyer.com
*ATTORNEY TO BE NOTICED*

**Susan Simmons Seemiller**
Bailey Pinney PC
840 County Square Drive
Ventura, CA 93003
805-339-9090
Fax: 805-339-0090
Email: sseemiller@wagelawyer.com
*ATTORNEY TO BE NOTICED*

**V.**

**Defendant**

**Target Corporation**                    represented by    **Jeffrey David Wohl**
Paul, Hastings, Janofsky & Walker LLP

55 Second Street
San Francisco, CA 94105-3441
415-856-7000
Fax: 415-856-7100
Email: jeffwohl@paulhastings.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rishi N. Sharma**
Paul, Hastings, Janofsky & Walker LLP

55 Second Street
24th Floor
San Francisco, CA 94105-3441
415-856-7000
Fax: 415-856-7100
Email: rishisharma@paulhastings.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/08/2007 | ●1 | COMPLAINT /issued summons against Target Corporation ( Filing fee $ 350, receipt number 34611007199.). Filed byOkechukwu Mbama. (ga, |

| | | |
|---|---|---|
| | | COURT STAFF) (Filed on 6/8/2007) Additional attachment(s) added on 8/10/2007 (ys, COURT STAFF). (Entered: 06/11/2007) |
| 06/08/2007 | 2 | ADR SCHEDULING ORDER: Case Management Statement due by 9/12/2007. Case Management Conference set for 9/19/2007 10:30 AM.. Signed by Judge James Larson on 6/8/07. (Attachments: # 1 Judge Standing Order# 2 Court Standing Order# 3 Consent/Decline Form)(ga, COURT STAFF) (Filed on 6/8/2007) (Entered: 06/11/2007) |
| 06/08/2007 | | CASE DESIGNATED for Electronic Filing. (ga, COURT STAFF) (Filed on 6/8/2007) (Entered: 06/11/2007) |
| 07/13/2007 | 3 | AMENDED COMPLAINT *Plaintiff's First Amended Complaint* against Target Corporation. Filed byOkechukwu Mbama. (Clark, Shelby) (Filed on 7/13/2007) (Entered: 07/13/2007) |
| 08/07/2007 | 4 | *Defendant Target Corporation's* ANSWER to Amended Complaint byTarget Corporation. (Wohl, Jeffrey) (Filed on 8/7/2007) (Entered: 08/07/2007) |
| 08/07/2007 | 5 | Certificate of Interested Entities by Jeffrey David Wohl *Defendant Target Corporation's Certification of Interested Entities or Persons* (Wohl, Jeffrey) (Filed on 8/7/2007) (Entered: 08/07/2007) |
| 08/07/2007 | 6 | Declination to Proceed Before a U.S. Magistrate Judge by Target Corporation *and Request for Reassignment to U.S. District Judge Marilyn Hall Patel Pursuant to Notice of Related Case*. (Wohl, Jeffrey) (Filed on 8/7/2007) (Entered: 08/07/2007) |
| 08/07/2007 | 7 | NOTICE by Target Corporation *Defendant Target Corporation's Notice of Pendency of Other Action or Proceeding* (Wohl, Jeffrey) (Filed on 8/7/2007) (Entered: 08/07/2007) |
| 08/08/2007 | 8 | NOTICE by Target Corporation re 7 Notice (Other) *Defendant Target Corporation's Supplemented Notice of Pendency of Other Action or Proceeding* (Wohl, Jeffrey) (Filed on 8/8/2007) (Entered: 08/08/2007) |
| 08/08/2007 | 9 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (wh, COURT STAFF) (Filed on 8/8/2007) (Entered: 08/08/2007) |
| 08/09/2007 | 10 | ORDER REASSIGNING CASE. Case reassigned to Judge Susan Illston for all further proceedings. Judge James Larson no longer assigned to the case.. Signed by Executive Committee on 8/9/07. (as, COURT STAFF) (Filed on 8/9/2007) (Entered: 08/09/2007) |
| 08/09/2007 | | (Court only) ***Deadlines terminated. (ys, COURT STAFF) (Filed on 8/9/2007) (Entered: 08/10/2007) |
| 08/10/2007 | 11 | CLERK'S NOTICE: Initial Case Management Conference set for 9/28/2007 02:00 PM. (Attachments: # 1 Standing Order) (rbe, COURT STAFF) (Filed on 8/10/2007) (Entered: 08/10/2007) |
| 08/14/2007 | 12 | Memorandum in Opposition *to 8 Defendant's Supplemented Notice of Pendency of Other Action of Proceeding* filed byOkechukwu Mbama. |

| | | |
|---|---|---|
| | | (Clark, Shelby) (Filed on 8/14/2007) Modified on 8/15/2007 (ys, COURT STAFF). (Entered: 08/14/2007) |
| 08/15/2007 | ●13 | MOTION to Relate Case *Kier v. Target Corp. with Mbama v. Target Corp.{06-7957-MHP)* filed by Target Corporation. (Sharma, Rishi) (Filed on 8/15/2007) Modified on 8/16/2007 (ys, COURT STAFF). (Entered: 08/15/2007) |
| 08/15/2007 | ●14 | Declaration of Rishi N. Sharma in Support of 13 MOTION to Relate Case *Kier v. Target Corp. with Mbama v. Target Corp.* filed byTarget Corporation. (Related document(s) 13 ) (Sharma, Rishi) (Filed on 8/15/2007) (Entered: 08/15/2007) |
| 08/15/2007 | ●15 | Proposed Order re 13 MOTION to Relate Case *Kier v. Target Corp. with Mbama v. Target Corp.* by Target Corporation. (Sharma, Rishi) (Filed on 8/15/2007) (Entered: 08/15/2007) |
| 08/15/2007 | ●16 | *PROOF OF SERVICE (OF ADMINISTRATIVE MOTION TO RELATE CASES)of 13 , 14 , 15* filed by Target Corporation. (Sharma, Rishi) (Filed on 8/15/2007) Modified on 8/16/2007 (ys, COURT STAFF). (Entered: 08/15/2007) |
| 08/15/2007 | ● | (Court only) ***Motions terminated: 13 Motion was filed in 06-7957-MHP, 16 (ys, COURT STAFF) (Filed on 8/15/2007) (Entered: 08/16/2007) |
| 08/30/2007 | ●17 | ORDER DENYING 13 MOTION to Relate Case Kier v. Target Corp. with Mbama v. Target Corp; Signed by Judge Marilyn Hall Patel on 8/29/2007. (awb, COURT-STAFF) (Filed on 8/30/2007) (Entered: 08/30/2007) |
| 09/05/2007 | ●18 | NOTICE of Appearance by Jose Ruben Mata (Mata, Jose) (Filed on 9/5/2007) (Entered: 09/05/2007) |
| 09/06/2007 | ●19 | ORDER granting application for admission pro hac vice for A.E. "Bud" Bailey. Signed by Judge Susan Illston on 9/6/2007. (gsa, COURT STAFF) (Filed on 9/6/2007) (Entered: 09/07/2007) |
| 09/06/2007 | ● | (Court only) ***Attorney A.E. Bud Bailey for Okechukwu Mbama added. (gsa, COURT STAFF) (Filed on 9/6/2007) (Entered: 09/07/2007) |
| 09/13/2007 | ●20 | ADR Clerks Notice re: Non-Compliance with Court Order. (tjs, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/13/2007) |
| 09/13/2007 | ●21 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *ADR CERTIFICATION BY PARTIES AND COUNSEL* (Sharma, Rishi) (Filed on 9/13/2007) (Entered: 09/13/2007) |
| 09/13/2007 | ●22 | STIPULATION and Proposed Order selecting Private ADR by Okechukwu Mbama, Target Corporation (Sharma, Rishi) (Filed on 9/13/2007) (Entered: 09/13/2007) |
| 09/18/2007 | ●23 | ORDER REFERRING CASE to Private ADR. Signed by Judge Illston on 9/14/07. (ts, COURT STAFF) (Filed on 9/18/2007) (Entered: |

| | | |
|---|---|---|
| | | 09/18/2007) |
| 09/18/2007 | ●24 | JOINT CASE MANAGEMENT STATEMENT filed by Okechukwu Mbama, Target Corporation. (Sharma, Rishi) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/21/2007 | ●25 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *Okechukwu Mbama* (Mac Farlane, Bonnie) (Filed on 9/21/2007) (Entered: 09/21/2007) |
| 10/02/2007 | ●26 | Minute Entry: Initial Case Management Conference held on 9/28/2007 before Illston (Date Filed: 10/2/2007). Case continued to 11/16/07 @ 2:30 p.m. for Further Case Management Conference(joint statement due) ORDERED AFTER HEARING: This case shall be stayed pending ruling on a similar case in the Central District of California () (ts, COURT STAFF) (Date Filed: 10/2/2007) (Entered: 10/02/2007) |
| 10/02/2007 | ● | Set Deadlines/Hearings: Case Management Conference set for 11/16/2007 02:30 PM. (ys, COURT STAFF) (Filed on 10/2/2007) (Entered: 10/03/2007) |
| 10/17/2007 | ●27 | NOTICE by Okechukwu Mbama *of Withdrawal of Shelby L. Clark* (Clark, Shelby) (Filed on 10/17/2007) (Entered: 10/17/2007) |
| 10/17/2007 | ● | (Court only) *** Attorney Shelby Lawrence Clark terminated. (ys, COURT STAFF) (Filed on 10/17/2007) (Entered: 10/18/2007) |
| 11/09/2007 | ●28 | JOINT CASE MANAGEMENT STATEMENT *for 11/16/2007 Case Management Conference* filed by Okechukwu Mbama, Target Corporation. (Attachments: # 1 Exhibit Order Denying Target's Motion to Dismiss# 2 Exhibit Order to Show Cause re Jurisdiction)(Sharma, Rishi) (Filed on 11/9/2007) (Entered: 11/09/2007) |
| 11/19/2007 | ●29 | Minute Entry: Further Case Management Conference held on 11/16/2007 before Illston (Date Filed: 11/19/2007). Case continued to 1/18/08 () (ts, COURT STAFF) (Date Filed: 11/19/2007) (Entered: 11/19/2007) |
| 11/19/2007 | ● | Set Deadlines/Hearings: Case Management Conference set for 1/18/2008 02:30 PM. (ys, COURT STAFF) (Filed on 11/19/2007) (Entered: 11/20/2007) |
| 12/11/2007 | ●30 | NOTICE of Appearance by Susan Seemiller (Seemiller, Susan) (Filed on 12/11/2007) (Entered: 12/11/2007) |
| 12/12/2007 | ●31 | NOTICE by Okechukwu Mbama *Withdrawal of Attorney A.E Bud Bailey as Pro Hac Vice Counsel* (Attachments: # 1 Exhibit A)(Mata, Jose) (Filed on 12/12/2007) (Entered: 12/12/2007) |
| 12/12/2007 | ● | (Court only) *** Attorney A.E. Bud Bailey terminated. (ys, COURT STAFF) (Filed on 12/12/2007) (Entered: 12/13/2007) |
| 12/13/2007 | ●32 | NOTICE by Okechukwu Mbama *Withdrawal Of Attorney James D. Pinney As Pro Hac Vice Counsel* (Attachments: # 1 Exhibit A)(Mata, Jose) (Filed on 12/13/2007) (Entered: 12/13/2007) |
| | | |

| 12/20/2007 | ●33 | Minute Entry: Further Case Management Conference held on 12/20/2007 before Illston (Date Filed: 12/20/2007). () (ts, COURT STAFF) (Date Filed: 12/20/2007) (Entered: 12/20/2007) |
| 12/20/2007 | ●34 | Letter from Jose R. Mata *to Judge Susan Illston Re: Pro Hac Vice Application.* (Attachments: # 1 Exhibit A)(Mata, Jose) (Filed on 12/20/2007) (Entered: 12/20/2007) |
| 01/15/2008 | ●35 | STIPULATION *to Continue Case Management Conference and Stay* by Target Corporation. (Attachments: # 1 Signature Page (Declarations/Stipulations) Signature of Jose R. Mata)(Sharma, Rishi) (Filed on 1/15/2008) (Entered: 01/15/2008) |
| 01/17/2008 | ●36 | ORDER continuing cmc 2/29/08. Signed by Judge Illston on 1/15/08. (ts, COURT STAFF) (Filed on 1/17/2008) (Entered: 01/17/2008) |
| 01/17/2008 | ● | Set Deadlines/Hearings: Case Management Conference set for 2/29/2008 02:30 PM. (ys, COURT STAFF) (Filed on 1/17/2008) (Entered: 01/18/2008) |
| 02/01/2008 | ●37 | NOTICE by Okechukwu Mbama *Change of Information of Bonnie Mac Farlane* (Mac Farlane, Bonnie) (Filed on 2/1/2008) (Entered: 02/01/2008) |
| 02/22/2008 | ●38 | STIPULATION *Joint Stipulation and [Proposed] Order to Continue Case Management Conference and Stay* by Target Corporation. (Attachments: # 1 Signature Page (Declarations/Stipulations) Signature Page of Jose R. Mata)(Sharma, Rishi) (Filed on 2/22/2008) (Entered: 02/22/2008) |
| 02/26/2008 | ●39 | ORDER continuing cmc to 4/25/08. Signed by Judge Illston on 2/25/08. (ts, COURT STAFF) (Filed on 2/26/2008) (Entered: 02/26/2008) |
| 02/26/2008 | ● | Set Deadlines/Hearings: Case Management Conference set for 4/25/2008 02:30 PM. (ys, COURT STAFF) (Filed on 2/26/2008) (Entered: 02/27/2008) |
| 03/06/2008 | ●40 | STIPULATION *and [Proposed] Order to Transfer Venue to the Southern District of California* by Target Corporation. (Attachments: # 1 Signature Page (Declarations/Stipulations) of Jose R. Mata)(Sharma, Rishi) (Filed on 3/6/2008) (Entered: 03/06/2008) |
| 03/10/2008 | ●41 | NOTICE by Target Corporation re 40 Stipulation *Notice of Order in Mora v. Target Corp. Discharging Earlier Order to Show Cause Re: Jurisdiction* (Wohl, Jeffrey) (Filed on 3/10/2008) (Entered: 03/10/2008) |
| 03/12/2008 | ●42 | ORDER TRANSFERRING CASE to the USDC for the Southern District of California. Signed by Judge Illston on 3/11/08. (ts, COURT STAFF) (Filed on 3/12/2008) (Entered: 03/12/2008) |
| 03/13/2008 | ●43 | CLERK'S NOTICE: Certified copy of docket entries, certified copy of transferral order, and original case file documents mailed to USDC for the Southern District of California via US Certified mail. (ys, COURT STAFF) (Filed on 3/13/2008) (Entered: 03/13/2008) |

ORIGINAL FILED

1   A.E. "Bud" Bailey, Pro Hac Vice (pending), OR Bar No. 87157, WA Bar No. 33917
2   J. Dana Pinney, Pro Hac Vice (pending), OR Bar No. 75308, WA Bar No. 33919
    Shelby Clark, Cal. Bar No. 203606
3   Bailey, Pinney PC
    1498 SE Tech Center Place, Suite 290                    BENCH COPY
    Vancouver, Washington 98683
4   Telephone: (360) 567-2551, Fax: (360) 567-3331          JUDGE _____
5
    Bonnie Mac Farlane, Cal. Bar No. 161526                 RECEIVED
6   720 Howe Avenue, Suite 113
    Sacramento, CA 95825
7   Telephone: (800) 230-5528, Fax: (800)320-5866  **Submitting Counsel are directed**    AUG 3 1 2007
    BMacFarlane@wagelawyer.com                     **to serve this order upon all other**
8                                                                                       Richard W. Wieking
    Attorneys for Plaintiff Okechukwu Mbama       **parties in this action**           Clerk, U.S. District Court
9                                                                                   Northern District of California

10

11                  **IN THE UNITED STATES DISTRICT COURT**

12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA** *FILED*

13                                                            SEP X 6 2007

14   **Okechukwu Mbama, individually and on**    Case No. C 07-3014 SI    RICHARD W. WIEKING
     **behalf of all others similarly situated,**                        CLERK U.S. DISTRICT COURT
15                                                                       NORTHERN DISTRICT OF CALIFORNIA
                      **Plaintiff,**                          **APPLICATION FOR ADMISSION OF**
16                                                            **ATTORNEY *PRO HAC VICE* FOR**
     vs.                                                      **A.E. "BUD" BAILEY**
17
     **Target Corporation, a Minnesota**                      *& order*
18   **Corporation, and Does 1-25, inclusive,**
19                    **Defendant.**
20

21          Pursuant to Civil L.R. 11-3, A. E. "Bud" Bailey, an active member in good standing of the

22   bars of Oregon and Washington, hereby applies for admission to practice in the Northern District of

23   California on a *pro hac vice* basis representing those similarly situated in the above-entitled action.

24          In support of this application, I certify on oath that:

25          1.      I am an active member in good standing of a United States Court or of the highest court

26                  of another State or the District of Columbia, as indicated above;

27          2.      I agree to abide by the Standards of Professional Conduct set forth in Civil Local Rule

28                  11-4, to comply with General Order No. 45, Electronic Case Filing and to become

---

1   familiar with the Local Rules and the Alternative Dispute Resolution program of this

2   Court; and,

3   3.   An attorney who is a member of the bar of this Court is good standing and who

4   maintains an office within the State of California has been designated as co-counsel in

5   the above-entitled action.  The name, address and telephone number of that attorney is:

6   Bonnie R. MacFarlane

7   720 How Ave., Ste. 113

8   Sacramento, CA 95825

9   (800) 230-5528

10  I declare under penalty of perjury that the foregoing is true and correct.

11  Dated: *Aug 28, 2007*

13  By _____

14  A. E. "Bud" Bailey

**Bailey, Pinney PC**
**A.E. "Bud" Bailey,** Pro Hac Vice (pending), OR Bar No. 87157, WA Bar No. 33917
**Shelby Clark**, Cal. Bar No. 203606
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone:  (360) 567-2551, Fax:  (360) 567-3331
SClark@wagelawyer.com

**Bonnie Mac Farlane**, Cal. Bar No. 161526
720 Howe Avenue, Suite 113
Sacramento, CA  95825
Telephone:  (800) 230-5528, Fax:  (800) 230-5866
BMacFarlane@wagelawyer.com

Attorneys for Plaintiff Okechukwu Mbama

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Okechukwu Mbama, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**Target Corporation, a Minnesota Corporation, and Does 1-25, inclusive,**<br><br>**Defendant.** | Case No. C 07-3014 SI<br><br>(PROPOSED) ORDER GRANTING APPLICATION FOR ADMISSION OF ATTORNEY *PRO HAC VICE* FOR A. E. "BUD" BAILEY |

A. E. "Bud" Bailey, an active member in good standing of the bars of Oregon, and Washington, whose business address and telephone number is; 1498 SE Tech Center Place, Vancouver, WA 98683, (360) 567-2551, having applied in the above-entitled action for admission to practice in the Northern District of California on a *pro hac vice* basis, representing Okechukwu Mbama, individually and on behalf of all others similarly situated,

IT IS HEREBY ORDERED THAT the application is granted, subject to the terms and conditions of Civil L.R. 11-3.  All papers filed by the attorney must indicate appearance *pro hac vice*. Service of papers upon and communication with co-counsel designated in the application will constitute notice to the party.  All future filings in this action are subject to the requirements contained

1  in General Order No. 45, Electronic Case Filing.

2

3      Dated: _____9/6/08_____

4                                        _____
5                                        U.S. District Court Judge Susan Illston

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## BAILEY PINNEY  P.C.
### Attorneys at Law
1498 SE TECH CENTER PLACE, SUITE 290
VANCOUVER, WA 98683

CHARITY SCHINDLE
  TELEPHONE  (360) 567-2551
  FACSIMILE   (360) 567-3331
  E-MAIL: Charity@wagelawyer.com

August 28, 2007

Clerk Northern District California
450 Golden Gate Ave. Ct. Rm. 10 19th Floor
San Francisco, CA   94102

      *Re:*    *Okechukwu Mbama vs. Target*
               *Case No.  C 07-3014 SI*

Dear Clerk:

    Enclosed is the Application for Admission of Attorney Pro Hac Vice for A.E. "Bud" Bailey and Proposed Order for Attorney Pro Hac Vice for A.E. "Bud" Bailey. Payment of $210.00 (Check # 1019) two copies and two Self-addressed return envelopes are included as well.

Thank you for your assistance.

                             Sincerely yours,

                             Charity Shindle, Legal Assistant

CScs

Enclosure

cc: Jeffrey D. Wohl

1  **BAILEY PINNEY, PC**
   1498 SE Tech Center Place, Suite 290
2  Vancouver, Washington 98683
   Telephone: (360) 567-2551
3  Fax: (360) 567-3331
   **A.E. BUD BAILEY**, Pro Hac Vice (pending), OSB No. 87157, WSB No. 33917
4  E-Mail: Bbailey@wagelawyer.com
   **SHELBY L. CLARK**, Cal.Bar No. 203606, OSB No. 06049
5  E-Mail: Sclark@wagelawyer.com

6  **BONNIE MAC FARLANE**, Cal. Bar No. 161526
   720 Howe Avenue, Suite 113
7  Sacramento, CA 95825
   Telephone: (800) 230-5528
8  Fax: (800) 230-5866
   E-Mail: BmacFarlane@wagelawyer.com
9
   **Attorneys for Plaintiff Mbama**
10

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  Okechukwu Mbama, Individually and on    )   Case No. C 07-3014 SI
    behalf of all others similarly situated,,  )
16                                           )
                            Plaintiff,       )   **PROOF OF SERVICE BY:**
17                                           )   **MAIL**
    vs.                                      )
18                                           )
    Target Corporation, a Minnesota         )
19  Corporation, and Does 1-25, inclusive,,  )
                                             )
20                          Defendant.       )

21

22
        I hereby certify that I am employed in the County of Clark, State of Washington.  I am
23
    over the age of 18 and not a party to the within action. I DECLARE that I am employed in the
24
    office of a member of the bar of this court at whose direction service was made who's business
25
    address is 1498 SE Tech Center Place., Suite 290, Vancouver WA 98683.  That on August 28,
26
    2007, I served a copy of the foregoing documents, described as: *Application for Admission of*
27
    *Attorney Pro Hac Vice for A.E. "Bud" Bailey* upon the following named individuals at the
28

1   addresses as follows by placing a true and correct copy thereof addressed to:

2

3   Jeffrey D. Wohl
    Paul, Hastings, Janofsky & Walker LLP
    55 Second Street, 24th Floor
4   San Francisco, CA 94105

5   by the following indicated method or methods:

6   [X]      by mailing a full, true, and correct copy thereof in a sealed, first-class postage-prepaid

7   envelope, addressed to the attorney as shown above, the last-known office address of the

8   attorney, and deposited with the United States Postal Service at Vancouver, WA. on the date set-

9   forth below.

10          I am "readily familiar" with the firm's practice of collecting and processing

11  correspondence for mailing.  Under that practice, mail is deposited the U.S. Postal Service on

12  that same day with postage prepaid at Vancouver, Washington in the ordinary course of

13  business.  I am aware that on motion of the party served, service is presumed invalid if postal

14  cancellation date or postage meter date is more than one day after the date of deposit for mailing

15  as stated in this affidavit.

16          I DECLARE under penalty of perjury  that the foregoing is true and correct.

17          I DECLARE that I am employed in the office of a member of the bar of this court at

18  whose direction service was made

19          DATED:  August 28, 2007

20

21  Charity Shindle

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OKECHUKWU MBAMA,

        Plaintiff (s),

    v.

TARGET CORPORATION,
        Defendant(s).

No. **C 07-03014 JL**

**FILED**
JUN - 8 2007

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

    IT IS HEREBY ORDERED that this action is assigned to the Honorable James Larson. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/8/2007 | Complaint filed | |
| 8/29/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 9/12/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 9/19/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm F,15th Floor,SF at 10:30 AM | Civil L.R. 16-10 |

Magistrate Judge James Larson
San Francisco
Courtroom F, 15th Floor

(415) 522-2112

James Larson, Magistrate Judge

Wings Hom, Courtroom Deputy (415) 522-2046

Venice Thomas, Secretary (415) 522-2112

Kathleen Campbell, Career Law Clerk

NOTICES

1. Civil Law & Motion is heard on Wednesdays at 9:30 a.m. Counsel need not reserve a hearing date for civil matters, but should confirm the judge's availability in the legal newspapers and on the district court web site, www.cand.uscourts.gov.

2. Criminal motions are scheduled with the courtroom deputy for any Thursday morning at 9:30 a.m. when the judge is available. Motions are governed by the Federal Rules and the Civil and Criminal Local Rules.

3. Status and Case Management Conferences are heard on Wednesdays at 10:30 a.m.

4. Pretrial Conferences are heard Wednesdays at 11:00 a.m.

5. The Magistrate Judge's Settlement Conference Order is also available on the Court web site or from the Clerk's Office.

6. Parties with questions regarding scheduling of settlement conferences should contact Judge Larson's secretary, Venice Thomas, at (415) 522-2112. All other scheduling questions should be addressed to Judge Larson's courtroom deputy, Wings Hom, at (415) 522-2046.

7. Discovery disputes in cases referred by the district court are handled in one of three ways:

a. Motions noticed for a hearing before the district court and then referred to this court will be re-scheduled on Magistrate Judge Larson's Law and Motion calendar. Parties will be notified in writing.

b. In disputes which arise after the case has been referred, but before a motion has been filed before the district judge, the parties shall follow the following procedure:

Parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.

If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement without affidavits or exhibits, stating the nature and status of their dispute. If a joint statement is not possible, each side may submit a brief individual statement. The Court will advise the parties regarding the need, if any, for formal briefing or a hearing.

Law and motion matters, including discovery motions, shall be filed in accordance with Civil Local Rule 7-2. Pursuant to Civil Local Rule 5-2(a), any papers filed in connection with any motion referred to Magistrate Judge Larson by a district judge must be filed in the Clerk's Office at the division where the chambers of the district judge is located, whether Oakland, San Francisco or San Jose. Pursuant to Civil Local Rule 5-2(b), the courtesy copies of papers filed in connection with any motion assigned to Magistrate Judge Larson, including those in cases where the assigned district judge sits in Oakland, or San Jose, must be delivered to the Clerk's Office or to Magistrate Judge Larson's chambers, at 450 Golden Gate Avenue, San Francisco.

Any party seeking an award of attorney fees or other expenses as sanctions in connection with a discovery dispute shall file a separate motion as required by Civil Local Rule 37-1(e).

c. Telephone conferences in discovery disputes are not encouraged but will be arranged at the court's discretion and are usually reserved for questions arising in the course of a deposition or other emergency.

d. In cases referred to Magistrate Judge Larson for discovery, if a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order, as provided by Civil Local Rule 79-5.

8. In all "E-Filing" cases when filing papers in connection with any motion for determination by the judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the judge's name, case number and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

9. Any proposed order in a case subject to electronic filing shall be e-filed.

10. Motions for summary judgment in cases assigned to Magistrate Judge Larson for trial shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts wherever possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts which the party contends are undisputed.

C:\Documents and Settings\usdc\Local
Settings\Temp\notes56FD74\standingord-2004amended.wpd

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

1   **Bailey Pinney PC**
    **Shelby L. Clark**, Cal. Bar No. 203606
2   1498 SE Tech Center Place, Suite 290
    Vancouver, Washington 98683
3   Sclark@wagelawyer.com
    Telephone: (800) 882-8351  Fax: (360) 567-3331
4
    **Bonnie Mac Farlane,** Cal. Bar No. 161526
5   720 Howe Avenue, Suite 113
    Sacramento, CA  95825
6   Telephone:  (800) 230-5528
    Fax:  (800) 230-5866
7   BMacFarlane@wagelawyer.com

8   Attorneys for Plaintiff Okechukwu Mbama

**FILED**

**JUN – 8 2007**

E-filing RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9              IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  **Okechukwu Mbama,** individually and on    Case No.
    behalf of all others similarly situated,

**C 07 3014**

12                                              **PLAINTIFF'S COMPLAINT FOR:**
                        **Plaintiff,**
13                                              1.  Failure to Provide Rest Periods;
    **vs.**                                      2.  Failure to Provide Meal Periods;
14                                              3.  Failure to Pay Wages;
    **Target Corporation,** a Minnesota          4.  Failure to Provide Accurate Itemized Wage
15  Corporation, and Does 1-25, inclusive,          Statements;
                                                5.  Late Pay of Wages;
16                     **Defendant.**             6.  Unlawful Business Practices (Bus. & Prof.
                                                    Code §17200);
17

18

19                                              **CLASS ACTION**
                                                **DEMAND FOR JURY TRIAL**
20

21
            Plaintiff, Okechukwu Mbama (hereinafter "Plaintiff"), individually and on behalf of all
22
    others similarly situated, brings this class action Complaint against Defendant, Target Corporation
23
    (hereinafter "Target"), and alleges the following upon information and belief, except as to those
24
    allegations concerning Plaintiff, which are alleged upon personal knowledge:
25
                    **I.    PRELIMINARY STATEMENT**
26
            1.      Plaintiff, individually and on behalf of all others similarly situated, files this action to
27
    recover wages, statutory wages, punitive damages, and liquidated damages, for all present and former
28

_____

                                                              Class Action Complaint

1    employees of Target for its actions in failing to provide appropriate rest and meal periods, failing to

2    pay wages, failing to provide accurate itemized wage statements, and failing to timely pay wages at

3    the termination of his employment.

4        2.    Target is a Minnesota corporation with an annual revenue in 2005 of $52,620 million.

5    Target stores offer trendy merchandise at affordable prices.  Target operates approximately 1,500

6    stores throughout the United States, including approximately 175 SuperTarget stores that "add an

7    upscale grocery shopping experience."[1]  Target operates approximately 212 stores in California as

8    well as three Distribution Centers.

9        3.    Target works its employees without providing appropriate rest and meal periods as

10   required by California law, Target does not pay wages as required by California law, Target does not

11   provide accurate itemized wage statements as required by California law, and Target does not pay

12   their employees wages when due as required by California law.  Pursuant to California's strong

13   policy of assuring employees are provided appropriate rest and meal periods, are paid their wages, are

14   provided accurate itemized wage statements, and are timely paid, Plaintiffs seek appropriate

15   recoveries including costs of suit, attorney fees, interest, and other relief this Court deems necessary.

16       4.    Plaintiff was an hourly employee of Target.   Plaintiff worked for Target in Albany,

17   California from approximately July 2005 to November 2005.  Plaintiff performed the services

18   required of him during his employment.  However, during Plaintiff's employment, Target did not do

19   its duty to provide appropriate rest and meal periods in compliance with California law, nor did

20   Target pay wages in compliance with California law,  nor did Target provided accurate itemized

21   wage statements in compliance with California law, nor did Target pay wages in a timely manner in

22   compliance with California law.

23                                **II.    PARTIES**

24       5.    At all material times, Plaintiff and all others similarly situated are current and former

25   employees of Target, in the State of California which is subject to California State wage and hour

26   provisions.

27   _____

28       [1]www.target.com/

6.     Target, at all material times herein, is doing business as "Target Corporation" in the State of California.

7.     Plaintiff Okechukwu Mbama at the time of filing this Complaint is an individual who resides in the State of California and who is a citizen of the State California.

8.     Target is a company organized and existing under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota.

9.     The true names and capacities of Defendants, Does One through Twenty-five, inclusive, are presently unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.  Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and capacities of said fictitiously named Defendants when the same have been ascertained.

10.     Plaintiff is informed and believe, and thereon allege, that at all relevant times herein mentioned, each Defendant was the agent, representative, principal, servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining Defendant, and as such, was at all times acting within the course, scope, purpose and authority of said agency, partnership and/or employment, and with the express or implied knowledge, permission, authority, approval, ratification and consent of the remaining Defendants and each Defendant was responsible for the acts alleged herein, were "employers" as set forth by California law, and all Defendants herein were also negligent and reckless in the selection, hiring, and supervision of each and every other Defendant as an agent, representative, principal, servant, employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant.

### III.     JURISDICTION

11.     This is an action under 28 U.S.C. § 1332 (d)(2) to recover wages, statutory damages, liquidated damages, and exemplary damages for current and former employees of Target who are/were hourly employees in California.  The amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.  The class will exceed 100 members.  Further, Plaintiff is diverse from Target.

///

///

## IV.    VENUE AND INTRADISTRICT ASSIGNMENT

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a) because this Court has personal jurisdiction over Target, which: (1) conducts business in the State of California, including the City of Albany, (2) hires and maintains employees in the State of California, including the City of Albany, and (3) avails itself of the protection of the laws of the State of California.

13.    This lawsuit is based on facts that warrant assignment to a division in this district (i.e. Target maintains stores in Alameda County as well as elsewhere in the State of California). Plaintiff Okechukwu Mbama worked in Albany, California for the Defendant. Plaintiff requests assignment to the Oakland division.

## V.    CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this action as a class action to recover statutory damages and monies due and owing for all current and former employees of Target for its failure to provide appropriate rest and meal periods pursuant to California law, failure to pay wages pursuant to California law, failure to provide accurate itemized wage statements pursuant to California law, and failure to timely pay wages at the termination of employment pursuant to California law.

15.    Plaintiff prosecutes this Complaint pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of current and former employees. Common questions of fact and law exist as to all class members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected Plaintiff and all purported class members. Based on information and belief, the members of the class exceeds 100 persons, and that number will increase depending upon employee turnover.

16.    Target failed to provide appropriate rest and meal breaks as required by California law.

17.    Target is required to provide Plaintiff and all others similarly situated uninterrupted rest periods. Pursuant to California law, Target is required to provide an uninterrupted duty-free 10 minute rest period for every four hours worked or major fraction thereof.

18.    Target failed to provide Plaintiff and all others similarly situated rest periods in compliance with California law.

///

19.    Target is required to provide Plaintiff and all others similarly situated meal periods. Pursuant to California law, Target is required to provide an uninterrupted duty-free 30 minute meal period after 5 hours of work per day, and Target is required to provide a second uninterrupted duty-free 30 minute meal period after 10 hours of work per day.

20.    Target failed to provide Plaintiff and all others similarly situated meal periods in compliance with California law.

21.    Because Target required Plaintiff and all others similarly situated to work instead of providing rest and meal periods, Plaintiff and all others similarly situated are owed wages and damages pursuant to California law including but not limited to, Cal. Lab. Code §§ 203 and 226.7.

22.    Target is required to provide accurate itemized wage statements per pay period to Plaintiff and all others similarly situated pursuant to California law including but not limited to, Cal. Lab. Code § 226.  Target failed to provide accurate itemized wage statements to Plaintiff and all others similarly situated.  Because Target failed to provide itemized wage statements, Target owes Plaintiff and all others similarly situated damages.

23.    When the employments of Plaintiff and all others similarly situated were terminated from Target, Target failed to make immediate payment of all wages due and owing as required by California law.

24.    Target 's actions in failing to provide appropriate rest and meal periods, failing to pay wages, failing to provide accurate itemized wage statements, and failing to pay all monies due and earned upon termination of employment, pursuant to California law, were willful.

25.    Target's actions, detailed herein, were part of a statewide and/or nationwide corporate plan and scheme, which affected all employees who worked for Target.  As a direct and proximate result of Target's illegal, company-wide plan, practice and scheme, Plaintiff (1) was required to work through mandatory rest and meal periods as required by California law, (2) was not compensated for the unprovided rest and meal periods, (3) was not paid wages, (4) was not provided accurate itemized wage statements, (5) was not paid their wages on time, and (6) was victimized by Target's policies and practices set forth herein.  Plaintiff and all others similarly situated are entitled to recover monies for the unprovided rest and meal periods including, but not limited to, wages, statutory wages,

1    pursuant to California law.  Plaintiff is entitled to request injunctive relief.  Also, Plaintiff and all

2    others similarly situated are entitled to recover appropriate reasonable attorney fees, costs, and

3    interest.

4         26.    **DEFINITION OF SUB-CLASSES** – Plaintiff seeks class certification to include, but

5    not limited to, the following potential sub-classes, pursuant to Rule 23(a), (b)(1), and (b)(3) of the

6    Federal Rules of Civil Procedure.

7              A.    **UNPAID REST PERIOD STATUTORY CLASS** – Within the applicable

8                    time period prior to the filing of this complaint up through and including the

9                    present date through adjudication, for Plaintiff and all others similarly situated

10                   who worked for Target and who did not receive appropriate rest periods as

11                   required by California law.

12             B.    **UNPAID MEAL PERIOD STATUTORY CLASS** – Within the applicable

13                   time period prior to the filing of this complaint up through and including the

14                   present date through adjudication, for Plaintiff and all others similarly situated

15                   who worked for Target and who did not receive meal periods as required by

16                   California law.

17             C.    **ITEMIZED WAGE STATEMENT CLASS** – Within the applicable time

18                   period prior to the filing of this complaint up through and including the present

19                   date through adjudication, for Plaintiff and all others similarly situated who

20                   worked for Target and whose wage statements that were provided by Target

21                   were inaccurate or not provided as required by California law.

22             D.    **LATE PAYMENT CLASS** – Within the applicable time period prior to the

23                   filing of this complaint up through and including the present date through

24                   adjudication, for Plaintiff and all others similarly situated whose employment

25                   with Target ended and who did not receive all wages when due as required by

26                   California law.

27   ///

28   ///

E.    **BUSINESS AND PROFESSIONS CLASS** – Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, for Plaintiffs and all others similarly situated who were required to work through mandatory rest and meal periods, who were not paid wages, including minimum wage and overtime, and who were paid late wages.

27.    **NUMEROSITY** – Based on information and belief, the members of the State wage and hour class exceeds 100 persons.  This number may increase depending upon the turnover rate for employees over the applicable statutory period prior to the filing of this complaint.

28.    **QUESTIONS OF LAW AND FACT** – Common questions of fact and law exist as to all class and subclass members and predominate over any questions that affect only individual class members.  The conduct at issue in this case affected all former Target employees.  Common questions include:

A.    Whether Plaintiff and class members are subject to California State wage and hour statutes.

B.    Whether Target failed to provide Plaintiff and class members rest periods as required by California State wage and hour statutes.

C.    Whether Target failed to provide Plaintiff and class members meal periods as required by California State wage and hour statutes.

D.    Whether Plaintiff and class members were not provided accurate itemized wage statements as required by California law.

E.    Whether Target failed to pay Plaintiff and class members all wages after termination of their employment when those wages were due.

F.    Which remedies are available for the violations of state wage and hour laws.

G.    What are the statute of limitations for each claim for relief.

///

///

///

Class Action Complaint

1

2       29.    **TYPICALITY** – The claims of the named Plaintiff are typical of the claims of the

3  members of the wage and hour class in that:

4              A.     Plaintiff is a member of the class.

5              B.     Plaintiff's claims stem from the same practice or course of conduct that forms

6                     the basis of the class.

7              C.     Plaintiff's claims are based upon the same legal and remedial theories as those

8                     of the class and involve similar factual circumstances.

9              D.     There is no antagonism between the interests of the named Plaintiff and absent

10                   class members.

11              E.     The injuries which Plaintiff suffered are similar to the injuries which class

12                   members have suffered.

13       30.    **REPRESENTATION BY PLAINTIFF** – The named Plaintiff will fairly and

14  adequately represent the class in that:

15              A.     There is no conflict between Plaintiff's claims and those of other class and

16                   subclass members.

17               B.     Plaintiff has retained counsel who are skilled and experienced in wage and hour

18                   cases and in class actions and who will vigorously prosecute this litigation.

19              C.     Plaintiff's claims are typical of the claims of class members.

20       31.    **CERTIFICATION** – of Plaintiff's claims is appropriate because:

21              A.     Common questions of law or fact predominate over questions affecting only

22                   individual members.

23               B.     The forum is convenient to the parties, class members, and potential witnesses,

24                   the class is specifically identifiable to facilitate provision of adequate notice,

25                   and there will be no significant problems managing this case as a class action.

26              C.     A class action is superior to other available methods for the fair and efficient

27                   adjudication of this controversy because individual class members have a

28                   minimal interest in controlling the prosecution of separate actions.

Class Action Complaint

32. **Private Attorneys General Act of 2004**:    Pursuant to the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, et seq., Plaintiff has given notice to Defendant and to California Labor and Workforce Development Agency of Target's violations of Cal. Lab. Code sections: 201, 202, 203, 226(a), 226.7, 510, 512, 1194, and 1197. After the notice period provided in Cal. Lab. Code § 2699.3, Plaintiff intends to amend his complaint to include civil penalties provided for in California law including, but not limited to, Cal. Lab. Code sections: 226.3, 558, 1197.1, and 2699.

## VI.   FACTS

32.    Plaintiff, Okechukwu Mbama, was an hourly employee from approximately July 2005 to November 2005.  Mr. Mbama worked for Target in Albany, California as a "Department Manager."  Although, Mr. Mbama was a manager, his work entailed 75% non managerial duties and only 25% managerial duties.  Mr. Mbama regularly missed rest and meal periods and was paid his final wages late.

33.    Mr. Mbama was terminated from his employment with Target on November 22, 2005.  He did not receive his final paycheck until February 1, 2006.

## VII.   CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Failure to Provide Rest Periods:  Cal. Lab. Code §§ 226.7 and 516)

34.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

35.    At all times material herein, Plaintiff and all others similarly situated were employed by Defendant.

36.    The California Labor Code and the IWC provide for minimum employment conditions to be followed by all employers within the State of California.  California law, including but not limited to Cal. Lab. Code §§ 226.7 and 516, and IWC wage orders, including but not limited to IWC wage order 7-2001, requires that employees receive an uninterrupted paid rest break of not less than 10 minutes for each period of four hours worked or major fraction thereof.

///

Class Action Complaint

37.     Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Target failed to provide Plaintiff and all others similarly situated uninterrupted rest periods, and failed to pay Plaintiff and all others similarly situated for those rest periods not provided, including civil statutory wages pursuant to Cal. Lab. Code §§ 226.7 and 203.  Target's failure to provide duty-free rest periods was malicious, fraudulent, and oppressive.

38.     Plaintiff and all others similarly situated seek unpaid wages and statutory wages for the time period allowed by law plus costs, interest, disbursements, and attorney fees pursuant to California law including, but not limited to, Cal. Lab. Code §§ 203, 226.7, and 1194.

## SECOND CLAIM FOR RELIEF

### (Failure to Provide Meal Periods:  Cal. Lab. Code §§ 226.7, 512, and 516)

39.     Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

40.     At all times material herein, Plaintiff and all others similarly situated were employed by Target.

41.     The California Labor Code and the IWC provide for minimum employment conditions to be followed by all employers within the State of California.  California law, including but not limited to Cal. Lab. Code §§ 226, 512, and 516, and IWC wage orders require, in part, that employees receive an uninterrupted meal period of not less than 30 minutes for each shift over five hours.

42.     Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Target failed to provide Plaintiff and all others similarly situated with uninterrupted meal periods of not less that 30 minutes as required in violation of California law including, but not limited to, Cal. Lab. Code §§ 226.7, 512, and 516, and IWC wage orders, and failed to pay Plaintiff and all others similarly situated for those meal periods not provided. Target's failure to provide duty-free meal periods was malicious, fraudulent, and oppressive.

43.     As a result of Target's failure to provide meal periods as required, Plaintiff and all others similarly situated are entitled to recover wages for those rest periods that were not provided plus statutory wages as required by California law including, but not limited to, Cal. Lab. Code §

Class Action Complaint

1 | 226.7 and 203.

2 |   44. Plaintiff and all others similarly situated seek unpaid wages and statutory wages for the

3 | three years prior to filing of this complaint plus costs, interest, disbursements and attorney fees

4 | pursuant to California law including, but not limited to, Cal. Lab. Code §§ 218.5, 218.6, 203, and

5 | 226.7.

6 | **THIRD CLAIM FOR RELIEF**

7 | **(Failure to Pay All Wages:  Cal. Lab. Code § 218)**

8 |   45. Plaintiff incorporates the allegations contained in all preceding paragraphs as though

9 | fully set forth herein.

10 |   46. At all times material herein, Plaintiff and all others similarly situated were employed

11 | by Target.

12 |   47. Within the applicable time period prior to the filing of this complaint up through and

13 | including the present date through adjudication, Target failed to pay wages as required by California

14 | law.  Target's failure to pay all wages was malicious, fraudulent, and oppressive.

15 |   48. During the course of Plaintiff's employment, Target allowed, suffered, and permitted

16 | Plaintiffs and all others similarly situated to perform work for the benefit of Target instead of paying

17 | wages.

18 |   49. As a result, Plaintiff and all others similarly situated are entitled to wages pursuant to

19 | California law including, but not limited to, Cal. Lab. Code § 218.

20 |   50. Target's behavior in failing to pay Plaintiff and all others similarly situated for all

21 | hours worked was willful, and there remain due and unpaid wages in amounts to be determined.

22 |   51. Plaintiff, on his behalf, and on behalf of all others similarly situated, seeks as damages

23 | in an amount to be determined, fees, and costs, pursuant to California law including, but not limited

24 | to, Cal. Lab. Code §§ 203 and 218, plus costs, disbursements, and attorney fees, pursuant to

25 | California law including, but not limited to, Cal. Lab. Code §§ 218.5 and 218.6.

26 | **FOURTH CLAIM FOR RELIEF**

27 | **(Failure to Provide Accurate Itemized Wage Statements; Cal. Lab. Code § 226)**

28 |   52. Plaintiff incorporates the allegations contained in all preceding paragraphs as though

Class Action Complaint

1  fully set forth herein.

2       53.    At all times material herein, Plaintiff and all others similarly situated were employed

3  by Target.

4       54.    Target is required to comply with California wage and hour law.  Target is required to

5  provide accurate itemized wage statements for each pay period to Plaintiff and all others similarly

6  situated pursuant to California law including, but not limited to, Cal. Lab. Code §226.

7       55.    Within the applicable time period prior to the filing of this complaint up through and

8  including the present date through adjudication, Target failed to provide accurate itemized wage

9  statements to Plaintiff and all others similarly situated whereby Plaintiff and all others similarly

10  situated were harmed.  Target's failure to provide accurate itemized wage statements was malicious,

11  fraudulent, and oppressive.

12       56.    Plaintiff seek payment of statutory damages pursuant to Cal. Lab. Code § 226(e) for

13  each employee who did not receive accurate itemized wage statements during their employments with

14  Target.  Plaintiff also seeks the payment of costs, interest, and attorney fees, pursuant to Cal. Lab.

15  Code §§ 218.5 and 218.6.

16                        **FIFTH CLAIM FOR RELIEF**

17          **(Late Payment of Wages:  Cal. Lab. Code §§ 201, 202, and 203)**

18       57.    Plaintiff incorporates  the allegations contained in all preceding paragraphs as though

19  fully set forth herein.

20       58.    At all times material herein, Plaintiff and all others similarly situated were employed

21  by Target.

22       59.    Within the applicable time period prior to the filing of this complaint up through and

23  including the present date through adjudication, Target willfully failed to pay all wages to Plaintiff

24  and all others similarly situated upon termination of their employment when those wages were due,

25  which entitles Plaintiff and all others similarly situated up to 30 days of statutory wages for each pay

26  period when wages were not paid as required by California law including, but not limited to, Cal. Lab.

27  Code §§ 201, 202, and 203.

28  ///

60.     Plaintiff and all others similarly situated seek statutory wages for the applicable time period prior to filing of this complaint plus costs, interest, disbursements, and attorney fees, pursuant to California law including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 218.5, 218.6, and 226.7.

## SIXTH CLAIM FOR RELIEF

**(Unfair Competition: Cal. Bus. & Prof. Code § 17200, et seq.)**

61.     Plaintiff incorporates the allegations contained in paragraphs 1- 102 as though fully set forth herein.

62.     At all times material herein, Plaintiff and all others similarly situated were employed by Target.

63.     Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Target failed to comply with the wage and hour provisions of the State of California, as set forth herein.

64.     Plaintiff, individually, and on behalf of the general public, allege that at all relevant times Target's actions including, but not limited to, its violations of California law and California Labor Codes, as set forth above, constitute a continuing and ongoing unfair and unlawful activity prohibited by Cal. Bus. & Prof. Code § 17200, et seq., and justify restitution and/or injunctive relief. The unlawful business practices of Target are likely to continue, mislead the public (that employees are being provided appropriate rest and meal periods, are being paid wages, including the promised rate of wages, minimum wage, and overtime, and are being timely paid), and shall present a continuing threat to the public. Target's actions of avoiding compliance with conditions of labor and wage obligations and expenses are an unfair business practice. These violations constitute a threat and unfair business policy. Plaintiff has suffered injury in fact and have lost money or property as a result of such unfair competition. The Court is authorized to order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200, et seq. Plaintiff allege that Target violated California Labor Code statutes.

///

///

65.     Target has engaged in unfair business practices in California by utilizing the illegal employment practices outlined above including, but not limited to, failing to provide Plaintiff appropriate rest and meal periods, failing to pay wages, including the promised rate of wages, minimum wages, and overtime, and failing to compensate for sums due for labor, fees, and penalties. Target's use of such practices constitutes an unfair business practice and unfair competition, and provides an unfair advantage over Target's competitors. Plaintiff seeks full restitution of said monies from Target, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by Target by means of the unfair practices complained of herein.

66.     Plaintiff alleges that, at all relevant times, Target has engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200, et seq. including those set forth in the paragraphs above thereby depriving Plaintiff and the public of the minimum working conditions and standards due them under California Labor Code and IWC Wage Orders.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Target as follows:

1.     For all unpaid wages in an amount to be determined at the time of trial;

2.     Pursuant to Cal. Bus. & Prof. Code § 17203, that Target be preliminarily and permanently enjoined from:  a) failing to provide employees mandatory rest and meal periods;  b)  permitting and unlawfully allowing employees to work hours instead of providing appropriate rest and meal periods, and not paying civil statutory wages;  c) permitting and unlawfully allowing employees to work hours instead of receiving appropriate rest and meal periods without compensating the employees ; d) failing to pay employees wages; e) failing to provide employees with accurate itemized wage statements; and f) failing to pay employees all wages due upon termination of employment within the time proscribed by law;

3.     Pursuant to Cal. Bus. & Prof. Code §17203 and the equitable powers of this Court, that Target be ordered to restore to Plaintiffs all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Bus. & Prof. Code §17200, et seq.;

Class Action Complaint

14

4.  For restitutionary disgorgement of wages and related sums, statutory wages, attorney fees, and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200, et seq.;

5.  For statutory wages pursuant to California law including, but not limited to, Cal. Lab. Code §§ 203, 226, 226.7, and 510;

6.  For liquidated damages pursuant to California law including, but not limited to, Cal. Lab. Code §§ 1194 and 1194.2;

7.  For punitive and exemplary damages pursuant to Cal. Civ. Code § 3294;

8.  For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorney fees, pursuant to Cal. Lab. Code §§ 218.5, 218.6, 1194, and 1194.2;

9.  For such further or alternative relief in favor of Plaintiffs and all class members as the Court deems appropriate.

Dated: June 7, 2007                          Bailey Pinney PC

                                             By _____
                                                Shelby Clark
                                                Attorney for Plaintiff
                                                Okechukwu Mbama

### JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Plaintiff demands a jury trial for all issues so triable.

Dated: June 7, 2007                          Bailey Pinney PC

                                             By _____
                                                Shelby Clark
                                                Attorney for Plaintiff
                                                Okechukwu Mbama

Class Action Complaint

15

1

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

3   parties, there is no such interest to report.

4     Dated: June 7, 2007                Bailey Pinney PC

5                                  By _____

6                                     Shelby Clark
                                      Attorney for Plaintiff
7                                     Okechukwu Mbama

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

## E-filing

Okechukuw Mbama, individually and on behalf of
all others similarly situated,

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

v.

Target Corporation, a Minnesota Corporation,
and Does 1-25, inclusive,

C 07 3014



TO: (Name and address of defendant)

Target Corporation
1000 Nicollet Mall TPN -0945
Minneapolis, MN 55403

**JL**

### YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Shelby L. Clark  CA 203606
BAILEY PINNEY, PC
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (360) 567-2551
Fax: (360) 567-3331

an answer to the complaint which is herewith served upon you, within 20   days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

JUN - 8 2007

Richard W. Wieking
CLERK

DATE 06-07-07

MARY ANN BUCKLEY

(BY) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me [1] | |

| Name of SERVER | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐  Served Personally upon the Defendant. Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other *(specify)*:

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        *Date*                                        *Signature of Server*

                                                              _____
                                                                       *Address of Server*

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Okechukuw Mbama**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Los Angeles
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Bailey Pinney
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
360-567-2551

**DEFENDANTS**

**Target Corporation**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ~~State of Minnesota~~
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**ATTORNEYS (IF KNOWN)** '08 CV 0513 BEN POR

Jeffrey D. Wohl
55 Second Street 24th
San Francisco, CA 94105

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)         FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 USC 1391

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

Northern CA

- ☐ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☒ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE    Docket Number

DATE    SIGNATURE OF ATTORNEY OF RECORD

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

Okechukuw Mbama, individually and on behalf of all others similarly situated,

*E-filing*

**DEFENDANTS**

Target Corporation , a Minnesota Corporation , and DOES 1-25, inclusive,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Los Angeles County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.    State of Minnesota

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
BAILEY PINNEY, PC 1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683 Telephone: (360) 567-2551; S. Clark

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)
AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

(E BOX ONLY)

☐ from ourt  ☒ Reinstated or Reopened  ☐ Transfered from Another district (specify)  ☐ Multidistrict Litigation  ☐ Appeal to District Judge from Magistrate Judgment

ONLY)

Court Name: U.S. District Court, NDCA
Division: 3
eipt Number: 34611007199
ashier ID: bucklem
Transaction Date: 06/11/2007
Payer Name: bailey pinney and assoc
---------
CIVIL FILING FEE
For: bailey pinney and assoc
Case/Party: D-CAN-3-07-CV-003014-001
Amount:  $350.00
---------
CHECK
Check/Money Order Num: 3533
Amt Tendered: $350.00
---------
Total Due:  $350.00
Total Tendered: $350.00
Change Amt:  $0.00

jl

Checks and drafts are accepted
ject to collections and full
it will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.

|  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|
| NAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| rsonal Injury | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| led Malpractice | ☐625 Drug Related Seizure of Property 21 USC 881 |  | ☐430 Banks and Banking |
| rsonal Injury | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| oduct Liability | ☐640 RR & Truck |  | ☐460 Deportation |
| bestos Personal | ☐650 Airline Regs | ☐820 Copyrights | ☐470 Racketeer Influenced and Corrupt Organizations |
| jury Product Liability | ☐660 Occupational Safety/Health | ☐830 Patent | ☐480 Consumer Credit |
| NAL PROPERTY | ☐690 Other | ☐840 Trademark | ☐490 Cable/Satellite TV |
| her Fraud |  |  | ☐810 Selective Service |
| uth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐850 Securities/Commodities/Exchange |
| her Personal | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐875 Customer Challenge 12 USC 3410 |
| Property Damage | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐891 Agricultural Acts |
| operty Damage | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐892 Economic Stabilization Act |
| Product Liability | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐893 Environmental Matters |
|  | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐894 Energy Allocation Act |
| ONER PETITIONS | ☐791 Empl.Ret.Inc. Security Act | **FEDERAL TAX SUITS** | ☐895 Freedom of Information Act |
| otion to Vacate entence Habeas Corpus: |  | ☐870 Taxes (US Plaintiff or Defendant) | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| eneral eath Penalty |  | ☐871 IRS - Third Party 26 USC 7609 | ☐950 Constitutionality of State Statutes |
| andamus & Other ivil Rights rison Condition |  |  | ☐890 Other Statutory Actions |

UTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT )

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION    DEMAND $_____ ☐CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23    JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
**IF ANY**    "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE    SIGNATURE OF ATTORNEY OF RECORD

June 7, 2007