1  (Counsel listed on next page)

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              SOUTHERN DISTRICT OF CALIFORNIA

10

11  OKECHUKWU MBAMA, individually          No. 08-CV-0513-BEN (WMC)
    and on behalf of all others similarly
12  situated,
                                           **JOINT MOTION TO CONSOLIDATE**
13              Plaintiff,

14        vs.                              Fed. R. Civ. P. 42(a)

15  TARGET CORPORATION, a Minnesota
    Corporation, and Does 1-25, inclusive,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1  JOSE R. MATA (Cal. State Bar. No. 83724)
   BAILEY PINNEY, PC
2  1498 SE Tech Center Place, Suite 290
   Vancouver, Washington 98683
3  Telephone: (360) 567-2551
   Facsimile:  (360) 567-3331
4  JMata@wagelawyer.com

5  SUSAN SEEMILLER (Cal. State Bar No. 150546)
   BAILEY PINNEY, PC
6  840 County Square Drive
   Ventura, California  93003
7  Telephone: (805) 339-9090
   Facsimile:  (805) 339-0090
8  sseemiller@wagelawyer.com

9  BONNIE MAC FARLANE (Cal. State Bar No. 161526)
   BAILEY PINNEY, PC
10 720 Howe Avenue, Suite 113
   Sacramento, California  95825
11 Telephone: (800) 230-5528
   Facsimile:  (800) 230-5866
12 bmacfarlane@wagelawyer.com

13 Attorneys for Plaintiff Okechukwu Mbama

14

15 JEFFREY D. WOHL (Cal. State Bar No. 96838)
   RISHI N. SHARMA (Cal. State Bar No. 239034)
   GREGGORY W. DALTON (Cal. State Bar No. 252000)
16 PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
17 San Francisco, California  94105-3441
   Telephone: (415) 856-7000
18 Facsimile:  (415) 856-7100
   jeffwohl@paulhastings.com
19 rishisharma@paulhastings.com
   greggorydalton@paulhastings.com
20
   Attorneys for Defendant Target Corporation
21

22

23

24

25

26

27

28

Plaintiff Okechukwu Mbama and defendant Target Corporation ("Target"), appearing through their respective counsel of record, hereby jointly move the Court to consolidate for all purposes this action ("*Mbama*") and *Renee Cesar Vilches Mora, on behalf of himself and all others similarly situated, Plaintiffs, vs. Target Corporation, a Minnesota corporation, and Does 1 through 125, Inclusive, Defendants,* U.S.D.C., S.D. Cal., No. 07-CV-0719 BEN (WMC) ("*Mora*") for reasons of judicial economy and to avoid the dangers of inconsistent adjudication; and in support of their motion stipulate as follows:

1. Plaintiff Mora filed suit in this Court on April 19, 2007. He seeks to assert claims on behalf of all current and former non-exempt Target employees in California. Plaintiff Mora alleges that Target committed wage-and-hour violations by failing to pay hourly and overtime wages; failing to provide uninterrupted, duty-free meal and rest periods; failing to pay minimum reporting time pay; failing to reimburse employees for job-related expenses; and failing to provide accurate, itemized wage statements. Plaintiff Mora also seeks to recover waiting-time penalties for failure to pay final wages timely on termination, and alleges that Target's purported wage-and-hour violations also constitute unlawful business practices.

2. On June 8, 2007, plaintiff Mbama filed a nearly identical suit in the United States District Court for the Northern District of California on behalf of all current and former non-exempt Target employees in California. Plaintiff Mbama alleges that Target failed to provide uninterrupted, duty-free meal and rest periods; failed to provide accurate, itemized wage statements; and failed to pay all wages timely on termination. Like plaintiff Mora, plaintiff Mbama also seeks recovery for these purported violations under California Business and Professions Code section 17200 *et seq.* as unfair business practices.

3. Although plaintiff Mora filed his complaint nearly one year ago, substantive litigation has not commenced because of the parties' various dispositive and procedural motions, including plaintiff Mora's motion to transfer venue and Target's motion to dismiss or strike,[1] and the Court's order to show

---

[1] Plaintiff Mora filed his motion to transfer venue pursuant to 28 U.S.C. section 1404(a) on June 1, 2007, *see* No. 07-CV-0719 BEN (WMC) (Docket No. 8); and the Court denied plaintiff's motion on September 14, 2007 (Docket No. 32). Target filed its motion to dismiss, or in the alternative, strike on June 14, 2007 (Docket No. 18), and the Court denied Target's motion on November 5, 2007 (Docket No. 33).

LEGAL_US_W # 58538752.3

JOINT MOTION TO CONSOLIDATE
U.S.D.C., S.D. Cal., No. 08-CV-0513 BEN (WMC)

1   cause why action should not be dismissed for lack of subject matter jurisdiction.[2]  In light of the order to
2   show cause and the pending transfer of the related litigation in *Mbama*, the early neutral evaluation
3   originally scheduled for January 15, 2008, was vacated on December 19, 2007.  *See* No. 07-CV-0719
4   BEN (WMC) (Docket No. 43).

5   　　　4.　　On April 3, 2008, Magistrate Judge McCurine reset the early neutral evaluation in *Mora*
6   for April 25, 2008, asked the parties to discuss the related claims in *Mbama*, but did not require counsel
7   for *Mbama* to attend as the cases are not yet consolidated.  *See* No. 07-CV-0719 BEN (WMC) (Docket
8   No. 47).  On April 11, 2008, the parties in *Mora*, after consulting with counsel for *Mbama*, jointly
9   moved the Court to continue the early neutral evaluation to May 23, 2008, at 2:00 p.m. to permit the
10  parties to seek consolidation prior to the early neutral evaluation, and because counsel for *Mbama* are
11  unavailable on April 25, 2008.  (Docket No. 48.)

12  　　　5.　　Accordingly, the parties in *Mora* have not participated in their discovery conference
13  under Federal Rule of Civil Procedure 26(f), have not exchanged initial disclosures, and no discovery
14  has commenced in this action.  *See* Fed. R. Civ. P. 26(a)(1)(C), (d)(1); S.D. Cal. Civ. L.R. 16.1(c)(2)(b).

15  　　　6.　　Similarly, the parties in *Mbama* have yet to commence substantive litigation.  Following
16  the initial case management conference on September 28, 2008, Judge Susan Illston, before whom this
17  action was pending in the Northern District, stayed the action; and in light of the potential transfer of to
18  the Southern District for consolidation with *Mora*, the stay has remained in force.  As a result, the
19  parties have not engaged in discovery or motion practice.[3]

20  　　　7.　　On March 12, 2008, on the parties' stipulation, Judge Illston ordered transfer of *Mbama*
21  to this Court in light of the substantial overlap between the claims in *Mbama* and the earlier-filed *Mora*.
22  *See* Order Transferring Case, U.S.D.C., N.D. Cal., No. C-07-3014 SI (Docket No. 42).  Both actions are
23  now pending before the Court.  *See* Notice of Case Transfer, U.S.D.C., S.D. Cal., No. 08-CV-0513 BEN
24  (WMC) (Docket No. 44).

---

[2]   The Court issued its order to show cause simultaneously with its denial of Target's motion to dismiss on November 5, 2007, No. 07-CV-0719 BEN (WMC) (Docket No. 34); and discharged the order to show cause on February 29, 2008 (Docket No. 44).

[3]   Judge Illston entered the stay on October 2, 2007, *see* U.S.D.C., N.D. Cal., No. C-07-0314 SI (Docket No. 26), and continued the stay on November 19, 2007 (Docket No. 28), January 17, 2008 (Docket No. 36), and February 26, 2008 (Docket No. 39).

8. Courts have broad discretion to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see, e.g.*, *Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion under [Rule 42(a)] to consolidate cases pending in the same district."). Consolidation is appropriate where a common defendant faces separately filed putative class actions that involve similar allegations. *See, e.g.*, *Takeda v. Turbodyne Technologies, Inc.*, 67 F. Supp. 2d 1129, 1132-33 (C.D. Cal. 1999) (consolidating six securities fraud class actions). In fact, actions need not be identical for consolidation under Rule 42. *Id*. The court need only consider whether the consolidation would enhance trial court efficiency and save judicial economy without resulting in prejudice. *Id*.

9. The Court should exercise its broad discretion and consolidate *Mora* and *Mbama*:

    a. First, both cases are brought on behalf of an identical class of current and former California Target employees.

    b. Second, Target is the common defendant.

    c. Third, the claims at issue in these two putative class actions are nearly identical, and their liability periods are the same.

    d. Accordingly, litigation in one action will necessarily implicate litigation in the other as these plaintiffs seek to pursue identical class-wide remedies against the identical defendant for virtually identical classes of individuals.

    e. It was recognition of this substantial overlap that led Judge Illston to transfer *Mbama* to this Court in light of the already pending claims in *Mora*, and that now counsels in favor of consolidation.

10. Consolidation also will serve to promote efficiency, to speed adjudication, and to save judicial resources as the identity of parties and claims will result in duplicative discovery, parallel motion practice (including anticipated motions for class certification), and ultimately trial if the cases are allowed to proceed independently.

11. A failure to consolidate the case would place additional burdens on Target as it would be required to answer discovery and produce deponents in two separate actions, defend two motions for class certification, and engage in the vexatious task of litigating on parallel, related, but separate tracks.

1  By contrast, consolidation will not work a prejudice on any party as neither case has proceeded so far as
2  to impact access to discovery or to duplicate litigation already completed.

3  12. Accordingly, the parties request that the Court consolidate *Mora* and *Mbama* in light of
4  the identical parties, claims, facts, and questions of law presented in these putative class actions to
5  promote the efficient and speedy adjudication of these matters.

6  13. After consolidation with *Mora*, the parties agree that they will accept the Southern
7  District of California as the venue for the consolidated proceeding and will not move to transfer it to
8  another district.

9  14. In the event that class certification is denied in the consolidated proceeding, the parties
10 reserve the right to move, jointly or separately, to sever plaintiff's Mora's claims from plaintiff
11 Mbama's claims for trial, and nothing in this joint motion will operate to preclude such a motion from
12 being granted.

13 15. The parties in *Mora* are submitting a similar joint motion to consolidate.

14 Dated: April 15, 2008.          JOSE R. MATA
                                   SUSAN SEEMILLER
15                                 BONNIE MAC FARLANE
                                   BAILEY PINNEY, PC
16

17                                 By: s/ Susan Seemiller
                                        Susan Seemiller
18                                 Attorneys for Plaintiff Okechukwu Mbama

19
   Dated: April 16, 2008.          JEFFREY D. WOHL
20                                 RISHI N. SHARMA
                                   GREGGORY W. DALTON
21                                 PAUL, HASTINGS, JANOFSKY & WALKER LLP

22
                                   By: s/ Rishi N. Sharma
23                                      Rishi N. Sharma
                                   Attorneys for Defendant Target Corporation
24

25

26

27

28

LEGAL_US_W # 58538752.3

4

JOINT MOTION TO CONSOLIDATE
U.S.D.C., S.D. Cal., No. 08-CV-0513 BEN (WMC)